## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF RHODE ISLAND

_____

In re:  Vision Adventures, LLC,                                    BK No: 13-10660
Debtor                                                             Chapter 7

_____

Joseph M. DiOrio, Chapter 7 Trustee
of Vision Adventures, LLC,
        Plaintiff

v.

                                                                   A.P. No. 15-01006

Linda K. Davis Griffin
and Shirley Davis,
        Defendants

_____

### AMENDED ORDER RELATED TO ENTRY OF DEFAULT
(this relates to Doc. ## 8, 9, 10, 11, 12, 15, and 16)

1.      On June 2, 2015, the plaintiff filed an application for entry of default (Doc. #8).

Before the Court acted on that application, the plaintiff also filed a motion for entry of default

judgment (Doc. #9) and a proposed judgment by default (Doc. #10). On June 22, 2015, the Court

granted the application for entry of default (Doc. #11) and the Clerk of the Court entered default

against the defendants (Doc. #12).

2.      On June 30, 2015, the defendants filed an objection to the plaintiff's application

for entry of default (Doc. #15).[1] This objection was untimely because responses to the

application for entry of default were due by June 18, 2015. On July 6, 2015, the plaintiff filed a

response to the defendants' objection (Doc. #16).

_____

[1] The Court notes that the defendants' objection was signed by only one of the defendants, which signature appears
to be that of defendant Linda K. Davis Griffin. The defendants are representing themselves without counsel, and to
the Court's knowledge Ms. Davis Griffin is not an attorney and has not entered an appearance on behalf of
defendant Shirley Davis, and thus she cannot file a document on behalf of Ms. Davis. If Ms. Davis wishes the Court
to consider any objection she has to the plaintiff's application and motion, she must file a separate objection bearing
her signature. In addition, any future joint filings by the defendants must be signed by both of them.

3.      In light of the defendants' *pro se* status and their late-filed objection to the

application for entry of default, I will treat the objection as a motion to set aside the entry of

default filed by defendant Linda K. Davis Griffin pursuant to Fed. R. Civ. P. 55(c) (applicable

via Fed. R. Bankr. P. 7055) (hereinafter the "Motion to Vacate"), and afford the plaintiff until

August 18, 2015, to file a supplemental memorandum of law in response to the Motion to

Vacate.

4.      As defendant Shirley Davis has not signed the Motion to Vacate (*see* footnote 1),

to the extent she wishes the Court to consider on her own behalf a motion to set aside the default

judgment, she must file such separate motion bearing her signature by August 4, 2015.

5.      With regard to the plaintiff's motion for default judgment, the plaintiff's

fraudulent transfer and breach of fiduciary duty claims set forth in his Complaint appear to be

claims regarding which this Court may not have constitutional authority to enter a final judgment

absent the knowing and voluntary consent of all the parties. *See Stern v. Marshall*, 131 S.Ct.

2594 (2011); *Wellness Intern. Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015); *see also McCarthy

v. Direct Global Commodities (In re El-Atari), LLC*, 2012 WL 260748 (Bankr. E.D. Va. Jan. 27,

2012) (entering report and recommendation that default judgment be entered by the district court

on plaintiff's claims seeking to augment the bankruptcy estate); *Richardson v. BDSM Corp. (In

re Tevilo Industries, Inc.)*, 2011 WL 4793343 (Bankr. W.D. Mich. Aug. 30, 2011) (same).

Therefore, in addition to responding to the Motion to Vacate, the plaintiff's supplemental

memorandum shall also address this issue, including whether this Court should, instead of

entering a final default judgment, submit a report and recommendation to the United States

District Court for the District of Rhode Island, recommending that court enter default judgment.

6.      The defendants shall have until September 8, 2015 to file any response(s) to the

plaintiff's supplemental memorandum.


Date: July 21, 2015                                                    By the Court,

                                                                       _Diane Finkle_
                                                                       Diane Finkle
                                                                       U.S. Bankruptcy Judge